**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CORETTA RODDEY,<br><br>Plaintiff,<br><br>v.<br><br>KPMG, LLP, SABRINA DONNELLY, In Her Individual And Official Capacities, JONATHAN EDGERTON In His Individual And Official Capacities, JULIE MOLITOR, In Her Individual And Official Capacities, JONATHAN WYATT, In His Individual And Official Capacities, YVONNE GARCIA, In Her Individual And Official Capacities, TIMOTHY PHELPS, In His Individual And Official Capacities, AND ALLISON SUMROW, In Her Individual And Official Capacities,<br><br>Defendants. | Case No.: 1:22-cv-07405<br><br>Civil Action |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6) OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

---

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
Attorneys for Defendants

On the Brief:

Justine L. Abrams, Esq.
Jenny Xia, Esq.
Peter O. Hughes, Esq.

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY.......................................................................................... 2

STATEMENT OF RELEVANT FACTS ........................................................................ 3

LEGAL ARGUMENT................................................................................................ 8

POINT I ................................................................................................................ 8

PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION. ..................................................... 8

A. The 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction Standard. ................. 9

B. Applicable Law ................................................................................................ 10

C. The Individual Defendants Are Not Subject to General Jurisdiction in New York....... 11

D. The Individual Defendants Are Not Subject to Specific Jurisdiction in New York. ..... 13

a. Plaintiff cannot rely on CPLR § 302(a)(1) as a basis for specific jurisdiction. ............. 13

b. Plaintiff cannot rely on CPLR §302(a)(2)-(3) as a basis for specific jurisdiction. ........... 17

E. This Court Cannot Exercise Personal Jurisdiction over the Individual Defendants without Violating the United States Constitution's Guarantee of Due Process. ........... 18

POINT II ............................................................................................................. 19

THE NYSHRL AND NYCHRL CLAIMS SHOULD BE DISMISSED AGAINST ALL DEFENDANTS BECAUSE PLAINTIFF CANNOT SHOW THAT THE ALLEGED MISCONDUCT OCCURRED IN NEW YORK......................................................................... 19

A. The 12(b)(6) Motion to Dismiss for Failure to State a Claim Standard......................... 19

B. Plaintiff Fails to Sufficiently Allege Conduct Occurring in New York, as Required To State a Claim Under the NYSHRL and the NYCHRL. ................................................. 20

POINT III............................................................................................................. 23

ALTERNATIVELY, DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS................................................................. 23

A. The Summary Judgment Standard. ........................................................................ 23

B. Summary Judgment is Appropriate on Plaintiff's NYSHRL and NYCHRL Claims Because the Alleged Conduct Indisputably Occurred Outside of New York................ 24

CONCLUSION........................................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................24

*Andy Stroud, Inc. v. Brown*,
No. 08 Civ. 8246(HB), 2009 WL 539863 (S.D.N.Y. Mar. 4, 2009)....................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................16, 19, 20, 21

*Beacon Enters., Inc. v. Menzies*,
715 F.2d 757 (2d Cir. 1983)....................11

*Beckett v. Prudential Ins. Co. of Am.*,
893 F. Supp. 234 (S.D.N.Y. 1995)....................23

*Beeney v. Insightec Inc.*,
No. 13 Civ. 8022(GBD), 2014 WL 3610941 (S.D.N.Y July 7, 2014)....................14

*Benardo v. Am. Idol Prods., Inc.*,
No. 11–CV–0625 (CM), 2011 WL 2565489 (S.D.N.Y. June 21, 2011)....................20

*Bensusan Rest. Corp. v. King*,
126 F.3d 25 (2d Cir. 1997)....................17

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239 (2d Cir. 2007)....................18

*Brinkmann v. Adrian Carriers, Inc.*,
29 A.D.3d 615, 815 N.Y.S.2d 196 (2d Dep't 2006)....................12

*BWP Media USA Inc. v. Hollywood Fan Sites*,
LLC, 69 F.Supp.3d 342 (S.D.N.Y. 2014)....................21

*Casper v. Lew Lieberbaum & Co., Inc.*,
No. 92 Civ. 6411 (RPP), 1998 WL 150993 (S.D.N.Y. Mar. 31, 1998)....................22

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................24

*Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999)*....................15

*CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986) ....15

*Daimler AG v. Bauman*,
571 U.S. 117, 134 S.Ct. 746 (2014)....10, 12, 18

*D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006)* ....15

*DirecTV Latin Am., LLC v. Park 610, LLC*,
691 F. Supp. 2d 405 (S.D.N.Y. 2010)....15

*Doe v. Nat'l Conf. of Bar Examiners*,
1:16-CV-264, 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017)....9, 11

*Duffy v. Drake Beam Morin*,
No. 96 Civ. 5606, 1998 WL 252063 (S.D.N.Y. May 19, 1998)....20, 24

*Eades v. Kennedy, PC Law Offices*,
799 F.3d 161 (2d Cir. 2015)....13

*First Horizon Bank v. Moriarty-Gentile*,
No. 10-CV-00289, 2015 WL 8490982 (E.D.N.Y. Dec. 10, 2015)....14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)....10, 12

*Jane Bonkowski v. HP Hood LLC*,
15-CV-4956, 2016 WL 4536868 (E.D.N.Y. Aug. 30, 2016) ....10

*Jimenez v. Daniel*,
05-CV-3524 (NGG) (CLP), 2006 WL 2464881 (E.D.NY. 2006)....16

*Kaufman v. Sirius XM Radio*,
474 Fed.Appx. 5 (2d Cir. Apr. 4, 2012)....16, 21

*Lenore d'Anzieri v. Harrison Global LLC, et al.*,
2022 WL 17404254 (S.D.N.Y. Dec. 2, 2022) ....17

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
673 F.3d 50 (2d Cir. 2012)....18

*Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999)* ....15

*In re Magnetic Audiotape Antitrust Litig.*,
334 F.3d 204 (2d Cir. 2003)....9

*McGowan v. Smith*,
52 N.Y.2d 268 (1981)....16

*Mende v. Milestone Tech., Inc.*,
269 F.Supp.2d 246 (S.D.N.Y. 2003)....9

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
84 F.3d 560 (2d Cir. 1996)....9

*Pakniat v. Moor*,
192 A.D.3d 596 (First Dept. 2021)....23

*Pearce v. Manhattan Ensemble Theater, Inc.*,
528 F.Supp.2d 175 (S.D.N.Y. 2007)....20

*Persh v. Petersen*,
15 Civ. 1414 (LGS), 2016 WL 4766338 (S.D.N.Y. Sept. 13, 2016)....18

*Phillips v. Reed Grp., Ltd.*,
955 F.Supp.2d 201 (S.D.N.Y. 2013)....9

*Proud Veterans, LLC v. Ben-Menashe*,
No. 12-CV-1126-JAR, 2014 WL 791200 (D. Kan. Feb. 27, 2014)....16

*Rice v. Wartsila NSD Power Dev., Inc.*,
183 F. App'x 147 (2d Cir. 2006)....22

*Robinson v. Overseas Military Sales Corp.*,
21 F.3d 502 (2d Cir. 1994)....9

*RSM Prod. Corp. v. Fridman*,
643 F.Supp.2d 382 (S.D.N.Y. 2009)....12

*Salvatore v. KLM Royal Dutch Airlines*,
No. 98 Civ. 2450(LAP), 1999 WL 796172 (S.D.N.Y. Sept. 30, 1999)....21

*Schultz v. Safra Nat. Bank of New York*,
377 Fed. Appx. 101 (2d Cir. 2010)....11

*Shiber v. Centerview Partners LLC*,
21 Civ. 3649 (ER), 2022 WL 1173433 (S.D.N.Y. Apr. 20, 2022)....21, 22

*SongByrd, Inc. v. Est. of Grossman*,
206 F.3d 172 (2d Cir. 2000)....13

*St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
712 F.3d 705 (2d Cir. 2013)....19

*Stein v. Guardsmark*,
LLC, No. 12 CIV. 4739 JPO, 2013 WL 3809463 (S.D.N.Y. July 23, 2013)
(Oetken, J.)....24

*Stroud v. Tyson Foods, Inc.*,
91 F. Supp. 3d 381 (E.D.N.Y. 2015) ....................14

*Suber v. VVP Serv., LLC*,
20-cv-08177 (AJN), 2021 WL 4429237 (S.D.N.Y. Sept. 27, 2021) ....................17

*In re Terrorist Attacks on September 11, 2001*,
714 F.3d 659 (2d Cir. 2013)....................14

*Intl' Shoe Co. v. Washington, 326 U.S. 310 (1945)* ....................18

*Vega v. Hastens Beds, Inc.*,
339 F.R.D. 210 (S.D.N.Y. 2021) ....................11, 12

*Walden v. Fiore*,
571 U.S. 277 (2014)....................18

*Waldman v. Palestine Liberation Org.*,
835 F.3d 317 (2d Cir. 2016)....................10

*Wallace Church & Co. Inc. v. Wyattzier, LLC*,
No. 20-CV-01914 (CM), 2020 WL 4369850 (S.D.N.Y. July 30, 2020) ....................12

*Werst v. Sarar USA Inc.*,
17-CV-2181 (VSB), 2018 WL 1399343 (S.D.N.Y. Mar. 16, 2018) ....................9, 11

*Wolf v. Imus*,
170 A.D.3d 563 (First Dept. 2019) ....................23

**Statutes**

Civil Rights Act of 1964 Title VII, 42 U.S.C. § 2000e et seq. ....................1, 3

42 U.S.C. §1981....................1, 3

New York State Human Rights Law,

Executive Law §§296 et seq. ....................1, 2, 3, 19, 20, 21, 22, 23, 24, 25

New York City Human Rights Law,

N.Y.C. Admin. Code §§8–107 et seq. ....................1, 2, 3, 19, 20, 21, 22, 23, 24, 25

**Other Authorities**

N.Y. CPLR § 301....................11, 12

N.Y. CPLR § 302....................11

N.Y. CPLR § 302(a) ....................................................................................................13, 16

N.Y. CPLR § 302(a)(1)..............................................................................................13, 14, 15

N.Y. CPLR § 302(a)(2)..........................................................................................................17

N.Y. CPLR § 302(a)(3)..........................................................................................................17

*Fed.R.Civ.P.* 12(b)(2)........................................................................................................1, 9, 25

*Fed.R.Civ.P.* 12(b)(6)..................................................................................................1, 2, 19, 25

*Fed.R.Civ.P.* 12(d) ..............................................................................................................23

*Fed.R.Civ.P.* 56.............................................................................................................1, 24, 25

## PRELIMINARY STATEMENT

This is an employment action in which Plaintiff Coretta Roddey ("Plaintiff") alleges that Defendant KPMG LLP ("KPMG") and the Individual Defendants[1] discriminated against her on the basis of race and retaliated against her for complaining about it. She asserts the claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"), 42 U.S.C. §1981 ("§ 1981"), the New York State Human Rights Law, Executive Law §§296 et seq. ("NYSHRL"), and/or the New York City Human Rights Law, N.Y.C. Admin. Code §§8–107 et seq. ("NYCHRL"). All Defendants deny that they discriminated or retaliated against Plaintiff.

Defendants now move: (1) pursuant to *Fed.R.Civ.P.* 12(b)(2) to dismiss all claims against the Individual Defendants based on lack of personal jurisdiction; and (2) pursuant to *Fed.R.Civ.P.* 12(b)(6), or for summary judgment under *Fed.R.Civ.P.* 56, to dismiss the claims under the NYSHRL and NYCHRL against all Defendants.

The Court has no jurisdiction over the Individual Defendants. Plaintiff herself is a resident of the State of Georgia, never resided in New York City or New York State, nor worked there during any time relevant to her claims. None of the Individual Defendants lives or works in New York State, and have not done so at any time relevant to the matters at issue in this lawsuit. All of the Individual Defendants are citizens of other states and work in those states, not New York. None has contacts with New York sufficient to confer general personal jurisdiction over any of them, and Plaintiff fails even to allege otherwise. Moreover, aside from Plaintiff's conclusory, formulaic allegations that "the acts complained of occurred therein, in New York,

---

[1] The Individual Defendants are: Sabrina Donnelly ("Donnelly"), Jonathan Edgerton ("Edgerton"), Julie Molitor ("Molitor"), Jonathan Wyatt ("Wyatt"), Yvonne Garcia ("Garcia"), Timothy Phelps ("Phelps"), and Allison Sumrow ("Sumrow"). KPMG and the Individual Defendants are collectively referred to hereinafter as "Defendants."

New York" and "New York, NY, was the situs of each and every allegation," Plaintiff fails to show that the Individual Defendants transact business within New York or that her claims against them arise from those business contacts sufficient to confer specific personal jurisdiction over them. Nor could she, because Plaintiff herself is a resident of the State of Georgia who did not work for KPMG in New York during any time relevant to her claims in this suit, and all communications that the Individual Defendants had with or about Plaintiff occurred outside of New York. Thus, Plaintiff has failed to meet the requirements for this Court to exercise personal jurisdiction over the Individual Defendants, and they should be dismissed from this case entirely.

Defendants also move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss all of Plaintiff's claims (discrimination and retaliation) against all Defendants made under the NYSHRL and the NYCHRL. Even accepting Plaintiff's factual allegations as true, she fails to state causes of action upon which relief could be granted because she has not alleged that even a single act in her Amended Complaint occurred in or was felt in New York State or New York City.

Further, in the alternative, Defendants are entitled to summary judgment on Plaintiff's NYSHRL and NYCHRL claims. New York courts have been clear that the NYSHRL and the NYCHRL only apply to conduct which occurred within New York and New York City respectively. Plaintiff's NYSHRL and NYCHRL claims are based entirely upon conduct that did not occur within New York, as neither Plaintiff nor any of the Individual Defendants had worked or resided in New York during the times relevant to the above-captioned action.

## **PROCEDURAL HISTORY**

Around March 11, 2022, Plaintiff filed a Charge of Discrimination against KPMG with the United States Equal Employment Opportunity Commission, bearing Charge No. 520-2022-04894, alleging discrimination and retaliation. (*See* Declaration of Peter O. Hughes, Esq.

("Hughes Decl."), Exs. 1 & 2). On May 23, 2022, KPMG filed a Position Statement asserting that it did not discriminate or retaliate against Plaintiff in any way.

On August 30, 2022, Plaintiff filed a Complaint in this Court, which Defendants moved to dismiss. (*See* ECF Nos. 9-20). On December 6, 2022, Plaintiff filed an Amended Complaint (*see* ECF No. 25), which she refiled on December 7th (*see* ECF No. 27), alleging that: (1) KPMG discriminated against her in violation of Title VII (First Count); (2) KPMG retaliated against her in violation of Title VII (Second Count); (3) Defendants discriminated against her in violation of § 1981 (Third Count); (4) Defendants retaliated against her in violation of § 1981 (Fourth Count); (5) KPMG discriminated against her in violation of the NYSHRL (Fifth Count); (6) KPMG retaliated against her in violation of the NYSHRL (Sixth Count); (7) six of seven Individual Defendants aided and abetted discrimination and retaliation against her in violation of the NYCHRL (Seventh Count); (8) Defendants discriminated against her in violation of the NYCHRL (Eighth Count); (9) Defendants retaliated against her in violation of the NYCHRL (Ninth Count); and (10) six of seven Individual Defendants aided and abetted discrimination and retaliation against her in violation of the NYCHRL (Tenth Count). (*See* Hughes Decl., Ex. 2, Plaintiff's Amended Complaint ("Am. Compl."), pp. 34-56)).

## STATEMENT OF RELEVANT FACTS

### The Parties

1. Plaintiff alleges that she was employed by KPMG as a Manager, Transformational Delivery in Consulting[2] from September 16, 2021 until her termination on January 28, 2022. (*See Id.* at ¶5).

[2] Actually, Plaintiff was a Manager in "Transformation Delivery" in Advisory, not Transformational Delivery in Consulting, but Defendants assume her allegation to be true for purposes of this Motion only.

2. Plaintiff's original Complaint was conspicuously devoid of any allegation regarding Plaintiff's state of residence.[3] However, after pointing out this void in its original Motion to Dismiss, Plaintiff added allegations in her Amended Complaint that she lived in Georgia at the time of her hire. (*See Id.* at ¶¶ 24-25). Moreover, as demonstrated by documents she submitted to KPMG in connection with her employment, including her employment application, Plaintiff at all relevant times resided in Johnscreek, Georgia 30022. (Declaration of Julie Molitor ("Molitor Decl."), Ex. A).

3. Donnelly is a citizen of Virginia. (Declaration of Sabrina Donnelly ("Donnelly Decl."), ¶3). Plaintiff alleges that Donnelly promised to recommend Plaintiff for an opportunity to manage KPMG's Goldman Sachs and American Express accounts but did not do so. (Am. Compl. ¶¶95-98). Donnelly is employed as Manager, Function Resource Management at KPMG's Tyson's Corner, Virginia office and does not have an office in New York. (Donnelly Decl. ¶¶1, 4). Donnelly understood that Plaintiff did not reside or work in New York State or New York City. (Donnelly Decl. ¶9).

4. Edgerton is a citizen of North Carolina. (Declaration of Jonathan Edgerton ("Edgerton Decl."), ¶3). Plaintiff alleges that Edgerton was involved with onboarding paperwork concerning on opportunity for her to join a project in New York. (Am. Compl. ¶¶142-144). She further alleges that Edgerton refused to send such onboarding paperwork to her. (*See Id.* at ¶146). Edgerton is a Principal in KPMG's Advisory function in the Charlotte, North Carolina office and

---

[3] This is consistent with Plaintiff's efforts to hide her state of residence in the EEOC proceedings where, rather than providing her residence address in the Charge of Discrimination, she listed her address as "C/O" her attorneys. (Hughes Decl., Ex. 1). Notwithstanding this, the Charge was notarized by a Notary Public in Fulton County in the State of Georgia. (*Id.*)

does not have an office in New York. (Edgerton Decl. ¶¶1, 4). Edgerton understood that Plaintiff did not reside or work in New York State or New York City. (*Id.* at ¶9).

5. Molitor is a citizen of California. (Molitor Decl., ¶3). Plaintiff alleges that she expressed her concerns about diversity practices at KPMG to Molitor, and that Molitor told Plaintiff that she could leave KPMG if she did not want to remain with the firm. (Am. Compl. ¶169). Plaintiff further alleges that Molitor refused her requests to be "realigned with her group and to have more involvement." (*Id*. at ¶185). Molitor is employed as Director, People Relations Group in KPMG's Sacramento, California office and does not have an office in New York. (Molitor Decl. ¶¶1, 4). Molitor understood that Plaintiff did not reside or work in New York State or New York City during her employment with KPMG. (Molitor Decl. ¶11).

6. Wyatt is a citizen of California. (Declaration of Jonathan Wyatt ("Wyatt Decl."), ¶3). Plaintiff alleges that she communicated her concerns regarding her termination from KPMG to Wyatt and that he did not forward her complaints or investigate further. (Am. Compl. ¶¶217-219). Wyatt is employed as a Managing Director, People Relations Group in KPMG's San Diego, California office and does not have an office in New York. (Wyatt Decl. ¶¶1, 4). Wyatt understood that Plaintiff did not reside or work in New York State or New York City. (*Id.* at ¶9).

7. Garcia is a citizen of Virginia. (Declaration of Yvonne Garcia ("Garcia Decl."), ¶3). Plaintiff alleges that she spoke with Garcia regarding her discrimination and diversity concerns, and followed up with Garcia on several occasions with further complaints. (Am. Compl. ¶¶174-75). Plaintiff further alleges that she submitted complaints of discrimination and that Garcia advised Plaintiff that KPMG could not substantiate the asserted claims. (*Id.* at ¶193). Garcia is a former employee of KPMG. During her employment, she was Counsel – Legal, Risk & Regulatory at KPMG's Washington, DC office and does not have an office in New York.

(Garcia Decl. ¶¶1, 4). Garcia understood that Plaintiff did not reside or work in New York State or New York City. (*Id.* at ¶9).

8. Phelps is a citizen of North Carolina. (Declaration of Timothy Phelps ("Phelps Decl."), ¶3). Plaintiff alleges that she complained to Phelps about hostile work environment, discrimination, and retaliation. (Am. Compl. ¶196). She further alleges that Phelps advised her that she was being terminated from KPMG for rejecting projects. (*Id.* at ¶199). Phelps is Principal in KPMG's Advisory function in the Charlotte, North Carolina office and does not have an office in New York. (Phelps Decl. ¶¶1, 4). Phelps understood that Plaintiff did not reside or work in New York State or New York City. (*Id.* at ¶9). In fact, the termination letter Phelps signed was addressed to Plaintiff at her home in Johnscreek, Georgia. (*Id.*, ¶9 and Ex. A).

9. Sumrow is a citizen of Texas. (Declaration of Allison Sumrow ("Sumrow Decl."), ¶3). Plaintiff alleges that she complained of being the "only African American female manager in TD Financial Services based in New York" and that her treatment at KPMG appeared to be biased. (Am. Compl. ¶¶127, 128). Plaintiff alleges that Sumrow did nothing in response to such complaints. (*Id*. at ¶¶129, 130). Plaintiff further avers that Sumrow falsely told Plaintiff that she was submitted for certain opportunities within KPMG. (*Id*. at ¶132). Sumrow is employed as Associate Director, Function Resource Management at KPMG's Charlotte, North Carolina office and does not have an office in New York. (Sumrow Decl. ¶¶1, 4). Sumrow understood that Plaintiff did not reside or work in New York State or New York City. (*Id.* at ¶9).

10. Defendant KPMG is a Delaware limited liability partnership with its principal place of business in New York.

11. Plaintiff alleges that she was assigned to the New York City office without another option. (Am. Compl., ¶¶24-25, 47). However, Plaintiff was offered the option of being

assigned to the Atlanta, Georgia office or New York City office, and she chose the latter. (Declaration of Christina Tran ("Tran Decl."), ¶3). Tellingly, that choice involved higher pay for Plaintiff. (*See Id.* at ¶4).

12. Plaintiff alleges that her employment with KPMG was "based" in New York City, that her "managers," "supervisors," and "subordinates" were "in KPMG's New York office", and that she had "security clearance", "office access", and "remote office access" there. (Am. Compl., ¶¶ 21, 23, 26-27). However, noticeably absent from the Amended Complaint are any allegations that Plaintiff actually traveled to New York or, more specifically, that she traveled to New York for KPMG-related business.

13. Plaintiff alleges that her offer letter stated that her position was in KPMG's New York City office and that she would be required to relocate there by a later date, but that she was permitted to work remotely and did in fact work remotely from Georgia. (*Id.* at ¶¶ 28-30, 33, 46).

14. Plaintiff alleges that she was directed to physically report to KPMG's New York office "to onboard" and obtain her KPMG-issued equipment (*Id.* at ¶31), but she does not allege that she ever actually physically reported there. Indeed, business records demonstrate that Plaintiff's KPMG-issued laptop was shipped and delivered to Plaintiff's Georgia address. (Tran Decl. ¶5, Ex. Tran-2; Declaration of Danielle Cawood ("Cawood Decl."), ¶3, Ex. Cawood-1).

15. According to Plaintiff, she "would have been required to physically report to the New York office frequently and/or when required" but for KPMG's pandemic-related protocols that directed her not to come to New York and to work remotely. (Am. Compl., ¶36).

16. Plaintiff alleges that: she was given a telephone number with a New York area code; she included KPMG's New York address in her email signature block; her pay stubs reference the New York office and reflect deductions for certain New York taxes; she collected

unemployment from New York following her termination; and that all of her relevant communications were made using her phone number and email address. (*Id.* at ¶¶ 37-44).

17. Plaintiff alleges generally that the Individual Defendants interacted with her telephonically or via email, had unspecified "business activities" in New York, and that her claims arise out of same. (*Id.* at ¶¶53-60).

18. Plaintiff asserts that the Individual Defendants were aware, by virtue of their remote interactions with Plaintiff, that they were required "to avail themselves to KPMG's New York office" and were subject to New York law. (*Id.* at ¶¶48-53, 61).

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

In Counts Three, Four, Seven, Eight, Nine, and Ten of the Amended Complaint, Plaintiff claims that the Individual Defendants are liable for discrimination or retaliation in connection with her employment with KPMG. However, the Amended Complaint fails to specify any basis for this Court to exercise general personal jurisdiction over the Individual Defendants. Further, Plaintiff cannot counter Defendants' proofs that the Individual Defendants do not have systematic and continuous affiliations with New York sufficient to establish general jurisdiction over them under New York's general jurisdiction statute. Nor can she demonstrate that the Individual Defendants transact business within New York from which her claims against them arise sufficient to confer specific jurisdiction over them under New York's specific jurisdiction statute. Exercise of personal jurisdiction over the Individual Defendants would not comport with constitutional due process principles. It is not foreseeable, fair, or reasonable for a former

employee who never worked or lived in New York, or even traveled to New York for KPMG-related business, to hale individuals into New York to defend themselves in a lawsuit there.

**A. The 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction Standard.**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (*citing Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). "At this stage, Plaintiff's allegations are generally accepted as true, except where the 'defendant rebuts [a plaintiff's] unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction—and [a plaintiff does] not counter that evidence.'" *Doe v. Nat'l Conf. of Bar Examiners*, 1:16-CV-264 (PKC), 2017 WL 74715, at *4 (E.D.N.Y. Jan. 6, 2017) (*quoting Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006)). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Accordingly, while the court will credit "a plaintiff's averments of jurisdictional facts as true," it "will not draw 'argumentative inferences' in the plaintiff's favor." *Id.*; *Robinson*, 21 F.3d at 507 (quotation omitted). "**Conclusory allegations are not enough to establish personal jurisdiction.**" *Mende v. Milestone Tech., Inc.*, 269 F.Supp.2d 246, 251 (S.D.N.Y. 2003) (citation omitted) (emphasis added).

"In considering motions to dismiss pursuant to Rules 12(b)(2) and 12(b)(5), the court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether it has jurisdiction[.]" *Werst, infra* at *2 (*citing Mende*, 269 F.Supp.2d at 251). *See also Phillips v. Reed Grp., Ltd.*, 955 F.Supp.2d 201, 225 (S.D.N.Y. 2013) ("[A] decision on a motion to dismiss under Rule 12(b)(2), for lack of personal jurisdiction, need not be based solely on the

'four corners of the complaint.' Rather, on such a motion, the Court may also rely on submitted affidavits and other supporting materials submitted in relation to the motion. The court need not hold an evidentiary hearing to decide the motion.") (*citing Andy Stroud, Inc. v. Brown*, No. 08 Civ. 8246(HB), 2009 WL 539863, at *1, n. 2 (S.D.N.Y. Mar. 4, 2009); *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir. 1999); and *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986)).

**B. Applicable Law**

For a federal court to exercise personal jurisdiction, "three requirements must be met." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). First, "the plaintiff's service of process upon the defendant must have been procedurally proper." *Id.* (citation omitted). Second, "there must be a statutory basis for personal jurisdiction." *Id.* Third, "the exercise of personal jurisdiction must comport with constitutional due process principles." *Id.* The due process test, in turn, has two elements: the "minimum contacts" element "requires that the court determine whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant." *Id.* (*citing Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 754 (2014)), and the "reasonableness" element "requires the court to determine whether the assertion of personal jurisdiction over the defendant comports with 'traditional notions of fair play and substantial justice' under the circumstances of the particular case." *Id.* (*quoting Daimler*, 134 S.Ct. at 754).

Courts generally recognize two categories of personal jurisdiction – general jurisdiction and specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "General jurisdiction allows a court to adjudicate any and all claims against a defendant, regardless of whether the claims are connected to the forum state." *Jane Bonkowski v.*

*HP Hood LLC*, 15-CV-4956, 2016 WL 4536868, at *2 (E.D.N.Y. Aug. 30, 2016) (internal quotation marks and citations omitted). Specific jurisdiction, however, "only exists where there is some connection between Plaintiff's underlying claim and the forum." *Doe v. Nat'l Conf. of Bar Examiners*, 1:16-CV-264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) (*citing Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014)).

"In a federal question case," such as the instant case (*see* Am. Compl., ¶ 12), "personal jurisdiction in federal court is determined by the laws of the forum state." *Werst v. Sarar USA Inc.*, 17-CV-2181 (VSB), 2018 WL 1399343, at *3 (S.D.N.Y. Mar. 16, 2018) (citations omitted). "New York courts exercise general jurisdiction under New York's Civil Practice Law and Rules ("CPLR") § 301 and specific jurisdiction under CPLR § 302." *Id.* (citation omitted).

**C. The Individual Defendants Are Not Subject to General Jurisdiction in New York.**

Under New York's general jurisdiction statute, CPLR § 301, a court may exercise general personal jurisdiction over a defendant who was "present" and "doing business" in New York. *Schultz v. Safra Nat. Bank of New York,* 377 Fed. Appx. 101, 102 (2d Cir. 2010). "Under the New York courts' interpretation of section 301, a non-domiciliary subjects h[im]self to personal jurisdiction in New York with respect to any cause of action if [he] is 'engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of [his] 'presence' in this jurisdiction.'" *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983) (*quoting Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285, 200 N.E.2d 427, 429 (1964)). An individual who works for an organization that is based in or maintains offices in New York "does not subject himself, individually, to the CPLR 301 jurisdiction of New York courts unless he is doing business in [New York] individually." *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 223 (S.D.N.Y. 2021) (*citing Laufer v. Ostrow*, 55 N.Y.2d 305, 313, 449 N.Y.2.2d 456, 434 N.E.2d

692 (1982); *Wallace Church & Co. Inc. v. Wyattzier, LLC*, No. 20-CV-01914 (CM), 2020 WL 4369850, at *5 (S.D.N.Y. July 30, 2020) (holding that jurisdiction under CPLR 301 did not lie where conduct of individual defendants in New York was within their role as corporate principals); and *Brinkmann v. Adrian Carriers, Inc.*, 29 A.D.3d 615, 617, 815 N.Y.S.2d 196 (2d Dep't 2006) ("An individual cannot be subject to jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather than on behalf of a corporation")).

In addition to New York's statutory requirements, the United States Supreme Court has indicated that the test for establishing general jurisdiction, whether over an individual or a corporation, requires that the plaintiff demonstrate that a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 127; *see also*, *Vega*, 339 F.R.D. at 218 (*citing Waldman,* 835 F.3d at 332 ("…there is no reason to invent a different test for general personal jurisdiction depending on whether the defendant is an individual, a corporation, or another entity")). The Supreme Court has emphasized that, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Here, Plaintiff cannot rely on a theory of general jurisdiction because she did not allege such a theory of jurisdiction in her Amended Complaint. *See RSM Prod. Corp. v. Fridman*, 643 F.Supp.2d 382, 401 (S.D.N.Y. 2009) (dismissing the complaint for failure to adequately plead personal jurisdiction, as "[e]xtrinsic materials", such as additional allegations made in an opposition brief, cannot be used to amend pleadings that are themselves insufficient") (*citing Laborers Local 17 Health Benefit Fund v. Philip Morris, Inc.*, 26 F.Supp.2d 593 (S.D.N.Y. 1998); *Wright v. Ernst & Young LLP*, 152 F.3d 169, 177 (2d Cir. 1998)).

Moreover, Plaintiff cannot demonstrate general jurisdiction over the Individual Defendants as none of them reside in New York, nor has any Individual Defendant transacted business on his or her own behalf in New York during the times relevant to this action. Indeed, as set forth in the Individual Defendants' declarations, none of them live, own property, keep bank accounts, maintain phone or mail service, register to vote, have a driver's license or have their own business, in New York. Because none of the Individual Defendants is domiciled in New York or had conducted business on his or her own behalf in New York during the relevant times, they could not have engaged in a "continuous and systematic" course of doing business in New York, and Plaintiff cannot bear her burden of proving general jurisdiction over them. *Compare SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 181 (2d Cir. 2000) (indicating that general jurisdiction "is not remotely satisfied" where the defendant's contacts with the forum state were "extremely scant" and consisted merely of an invitation to the forum state).

**D. The Individual Defendants Are Not Subject to Specific Jurisdiction in New York.**

Plaintiff also cannot rely on a theory of specific jurisdiction. She asserts specific jurisdiction under CPLR § 302(a)(1)-(3). (*See* Am. Compl. ¶14). However, none of these provisions provide a basis for specific jurisdiction over the Individual Defendants.

**a. Plaintiff cannot rely on CPLR § 302(a)(1) as a basis for specific jurisdiction.**

To proceed on a theory of specific jurisdiction under New York's long-arm statute pursuant to CPLR §302(a)(1), a plaintiff carries the burden of showing that the defendant "transacts business within the state" and the "cause of action arise[s] from" that transaction. CPLR § 302(a)(1); *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (internal quotation marks and citations omitted). Under New York law, a "defendant transacts business in New York if it has 'purposely availed [it]self of the privilege of conducting

activities within New York and thereby invoked the benefits and protections of its law.'" *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 389 (E.D.N.Y. 2015) (*quoting D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). "More than limited contacts are required for purposeful activities sufficient to establish that the non-domiciliary transacted business in New York." *First Horizon Bank v. Moriarty-Gentile*, No. 10-CV-00289, 2015 WL 8490982, at *5 (E.D.N.Y. Dec. 10, 2015) (internal quotation marks and citations omitted).

Here, Plaintiff has not and cannot show that any of the Individual Defendants transacted business in New York that gave rise to the claim against him or her. As discussed, and as set forth in the Individual Defendants' Declarations, none of the Individual Defendants live, own property, keep bank accounts or have their own business in New York.[4] The only averments in the Amended Complaint which could conceivably be construed as a transaction relating to New York is the allegation that Edgerton refused to send paperwork to Plaintiff regarding an opportunity for her to join a KPMG project in New York. (Am. Compl. ¶¶142, 144). Plaintiff's own allegations imply that such opportunity was never realized. The offer of a project in New York is insufficient to constitute a transaction within New York for the purposes of CPLR § 302(a)(1) because it was never effectuated and related to two individuals – Edgerton and Plaintiff – who worked and were domiciled outside of New York during the relevant times. *See, e.g., Beeney v. Insightec Inc.*, No. 13 Civ. 8022(GBD), 2014 WL 3610941 (S.D.N.Y July 7, 2014)

---

[4] Six of the Individual Defendants never lived or worked in New York. One, Julie Molitor, lived and worked in New York many years ago, ending in 2007. (Molitor Decl. ¶4). However, she has not lived or worked in New York for 15 years. (*Id.*). She has a bank account that originally was opened in New York, but is with a large national bank with operations around the country and all communications from the bank come to her at her California residence. (*Id.* at ¶6). To impose personal jurisdiction, a plaintiff must show that a defendant had "'continuous and systematic general business contacts' with the forum *at the time the initial complaint was filed*." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013) (emphasis added).

(concluding that an individual's contacts with New York, which involved discussing and issuing assignments to plaintiff located in New York, fails to sufficiently allege any meaningful contacts in New York, let alone that the individual transacted business there under CPLR § 302(a)(1)).

Further, Plaintiff's claim that she had communicated with the Individual Defendants using her New York City office email address and phone number is also insufficient to show that the Individual Defendants had "transacted business" within New York for the purposes of §302(a)(1). Initially, Plaintiff has not and cannot allege that she was in New York because, in reality, she had resided in and worked from Georgia during the times relevant to her claims. (*See* Am. Compl., ¶¶24-25, 30, 33, 46). Thus, any interaction between her and the Individual Defendants was directed to Plaintiff in Georgia, not in New York. Even if such interactions were linked to New York City by virtue of Plaintiff's New York City office email address and phone number, they are insufficient to establish that the Individual Defendants had transacted business in New York. In determining whether certain contacts are enough to find that a defendant has transacted business within New York, a court must look to the "quality or depth" of those contacts rather than the "quantity or breadth." *Andy Stroud, Inc. v. Brown*, No. 08 Civ. 8246(HB), 2009 WL 539863, at *4 (S.D.N.Y. Mar. 4, 2009). "[C]ourts applying New York law have declined to extend jurisdiction over defendants simply on the basis of telephone calls and other communications sent to New York." *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 420 (S.D.N.Y. 2010) (collecting cases). Here, Plaintiff's alleged communications with the Individual Defendants involved either addressing Plaintiff's claims of discrimination or advising on the availability of project opportunities within KPMG. (*See* Am. Compl., ¶¶44, 129-30, 142-44, 146, 174-75, 169, 193, 196, 199, 217-19). Such limited communications, which were

received by Plaintiff in Georgia, cannot plausibly establish that the Individual Defendants transacted business in New York for purposes of § 302(a)(1).[5]

Moreover, even if Plaintiff alleged an act within New York for the purposes of CPLR §302(a), she has failed to allege a nexus between the act and a relevant cause of action. As an initial matter, Plaintiff has made no averment as to where the Individual Defendants' purported misconduct occurred, other than the conclusory allegations that "the acts complained of occurred therein, in New York, New York" and that "New York, NY, was the situs of each and every allegation." (*See* Am. Compl. ¶¶18, 19). These are insufficient as a matter of law. *See Kaufman v. Sirius XM Radio*, 474 Fed.Appx. 5, 7 (2d Cir. Apr. 4, 2012) (concluding that plaintiffs' mere allegation that a transaction "occurred in New York" was a "conclusory allegation" under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and affirming the dismissal of the complaint).

Because Plaintiff has made no factual allegation as to the location of the Individual Defendants' alleged misconduct, she has failed to adequately allege the required nexus. *See McGowan v. Smith,* 52 N.Y.2d 268, 272 (1981) (holding that even if defendant engaged in purposeful acts in New York, there must be a "substantial relationship" between those acts and the transaction upon which plaintiff's cause of action is based); *Jimenez v. Daniel*, 05-CV-3524 (NGG) (CLP), 2006 WL 2464881 (E.D.NY. 2006) (finding no personal jurisdiction because there was no relationship between plaintiff's contacts – two business trips in which he drove through New York – and the alleged injury occurring in Pennsylvania).

---

[5] This is particularly true here, where Plaintiff tries to base jurisdiction on phone calls allegedly made "through" her New York phone which – at best – means she had phone calls forwarded from New York. "In an age of cell phones and call forwarding . . . [t]elephone contacts lack constitutional significance under the minimum contacts doctrine due to the geography-defying nature of twenty-first century telephone communications." *Proud Veterans, LLC v. Ben-Menashe*, No. 12-CV-1126-JAR, 2014 WL 791200, *8 (D. Kan. Feb. 27, 2014).

**b. Plaintiff cannot rely on CPLR §302(a)(2)-(3) as a basis for specific jurisdiction.**

In asserting specific jurisdiction over the Individual Defendants, Plaintiff also cannot rely upon CPLR § 302(a)(2) or (3), which provide for personal jurisdiction over claims arising out of tortious acts. "Under § 302(a)(2), a defendant is subject to personal jurisdiction of he or she commits a tort within the state of New York." *Suber v. VVP Serv., LLC*, 20-cv-08177 (AJN), 2021 WL 4429237 (S.D.N.Y. Sept. 27, 2021). §302(a)(2) requires that a defendant "be physically present in New York" when committing the tort. *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997). Here, Plaintiff does not and cannot allege that any of the Individual Defendants was physically present in New York during the relevant times. Thus, §302(a)(2) is inapplicable. *Suber*, 2021 WL 4429237, at *8 (finding §302(a)(2) inapplicable absent allegations that defendants were physically present in New York during the alleged misconduct).

Under §302(a)(3), a defendant who commits a tort out of the state may be subject to personal jurisdiction "so long as the tort 'caus[es] injury to person or property' inside the state **and** the defendant either (i) 'regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state,' or (ii) 'expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.'" *Suber*, 2021 WL 4429237, at *8. Here, Plaintiff does not and cannot allege that she was present in New York during the relevant times. Furthermore, she has made no allegation as to the Individual Defendants' generation of revenue. Thus, §302(a)(3) is inapplicable. *See Lenore d'Anzieri v. Harrison Global LLC, et al.*, 2022 WL 17404254, at *6 (S.D.N.Y. Dec. 2, 2022) (concluding that Section 302(a)(3) does not apply because plaintiff does not allege that the defendant's conduct caused any injury to her in New York.).

Thus, Plaintiff has not and cannot establish specific personal jurisdiction over the Individual Defendants.

**E. This Court Cannot Exercise Personal Jurisdiction over the Individual Defendants without Violating the United States Constitution's Guarantee of Due Process.**

Even if the Court rules that it may exercise personal jurisdiction over the Individual Defendants under one of New York's personal jurisdiction statutes, it must ensure that the jurisdiction comports with the Constitution's Due Process Clause. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007) (*citing Intl' Shoe Co. v. Washington*, 326 U.S. 310 (1945)). "To determine whether a finding of personal jurisdiction is consistent with the Constitution's due process requirements, the Court undertakes a 'minimum contacts' inquiry and a 'reasonableness' inquiry." *Persh v. Petersen*, 15 Civ. 1414 (LGS), 2016 WL 4766338, at *5 (S.D.N.Y. Sept. 13, 2016) (*citing Int'l Shoe Co.*, 326 U.S. at 315). The minimum contacts inquiry requires the Court "to consider whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Licci ex rel. Licci v. Lebanese Canadian Ban*k*, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (internal quotations and citations omitted). Minimum contacts for general jurisdiction requires a party to have contacts in New York that are "so continuous and systematic as to render [it] essentially at home in the forum." *See Daimler*, 571 U.S. at 119. Minimum contacts for specific personal jurisdiction "exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Licci*, 732 F.3d at 170. Where a defendant's relevant conduct occurred entirely in another forum, "the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 291 (2014).

Here, none of the Individual Defendants reside, do business, or have property in New York. Their alleged actions regarding Plaintiff occurred entirely outside of New York. It cannot

be said that any of the Individual Defendants could have foreseen being haled into court in New York. Further, as indicated in the Individual Defendants' Declarations, Plaintiff herself did not reside or work in New York during the relevant times. As such, exercising personal jurisdiction over the Individual Defendants would violate the Due Process Clause.

## POINT II

## THE NYSHRL AND NYCHRL CLAIMS SHOULD BE DISMISSED AGAINST ALL DEFENDANTS BECAUSE PLAINTIFF CANNOT SHOW THAT THE ALLEGED MISCONDUCT OCCURRED IN NEW YORK

In Counts Five through Ten of the Amended Complaint, Plaintiff alleges claims against Defendants under the NYSHRL or the NYCHRL. Because Plaintiff has not, and cannot, show that the purported misconduct occurred in or was felt in New York, her NYSHRL and NYCHRL claims are inadequately pled, fail as a matter of law, and should be dismissed with prejudice as to all Defendants, including both KPMG and the Individual Defendants.

### A. The 12(b)(6) Motion to Dismiss for Failure to State a Claim Standard.

*Fed.R.Civ.P*. 12(b)(6) provides for the dismissal of claims that "fail[] to state a claim upon which relief can be granted[.]" "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). This standard creates a "two pronged approach" based on "two working principles." *St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013).

First, "although a complaint need not include detailed factual allegations, it must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). A pleading that merely offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Although the court must

take all of the factual allegations in the complaint as true, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

Second, the court must determine whether Plaintiff's allegations "plausibly give rise to an entitlement to relief." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

**B. Plaintiff Fails to Sufficiently Allege Conduct Occurring in New York, as Required To State a Claim Under the NYSHRL and the NYCHRL.**

It is well-established that the NYSHRL applies only to conduct occurring in New York and the NYCHRL applies only to conduct occurring in New York City. For example, in *Bass v. World Wrestling Federation*, the Court stated:

> Both defendants argue that the Executive Law cannot apply to certain allegations because they took place outside the state of New York. Defendants are correct. The statute does not provide a cause of action for discriminatory acts committed outside the state by a non-resident defendant.

129 F.Supp.2d 491, 505 (S.D.N.Y 2001). *See also, Duffy v. Drake Beam Morin*, No. 96 Civ. 5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998) ("[B]oth New York State law and the New York City Administrative Code limit the applicability of the [NYCHRL] to acts occurring within the boundaries of New York City."); *Benardo v. Am. Idol Prods., Inc.*, No. 11–CV–0625 (CM), 2011 WL 2565489 (S.D.N.Y. June 21, 2011) ("the NYCHRL applies only to conduct occurring in New York City"); *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F.Supp.2d 175, 184 (S.D.N.Y.

2007) ("A nonresident plaintiff may invoke the protection of the City and State Human Rights Laws only by proving that the discriminatory act or acts took place within the jurisdiction in question.").

Moreover, under the NYCHRL, "[t]he fact that certain acts leading to discrimination may occur in New York City will not necessarily give rise to a claim under the City HRL." *Salvatore v. KLM Royal Dutch Airlines*, No. 98 Civ. 2450(LAP), 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999). "To determine the location of the discrimination, courts have looked to the location of the impact of the offensive conduct." *Id*. "Courts look to where the impact occurs, not the place of its origination, to determine the location of the discriminatory acts, and the impact needs to be felt by the plaintiff in New York City." *Shiber v. Centerview Partners LLC*, 21 Civ. 3649 (ER), 2022 WL 1173433, at *3 (S.D.N.Y. Apr. 20, 2022) (*citing Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016) ("Under the NYCHRL the impact of the employment action must be felt by the plaintiff in NYC."); *Amaya v. Ballyshear LLC*, 340 F.Supp.3d 215, 221 (E.D.N.Y. 2018)).

In this case, the only allegations in the Amended Complaint suggesting that the purported misconduct occurred in New York are the averments that the "acts complained of occurred therein, in New York, New York," and that "New York, NY, was the situs of each and every allegation." (*See* Amended Complaint ¶¶18, 19). As previously mentioned, the mere allegation that the act complained of occurred in New York constitutes a "conclusory allegation" and is insufficient to survive a motion to dismiss under the pleading standards set forth in *Iqbal*, 556 U.S. 662. *See also*, *Kaufman v. Sirius XM Radio*, 474 Fed. Appx. 5, 7 (2d Cir. 2012) (concluding that plaintiffs' mere allegation that a transaction "occurred in New York" was a "conclusory allegation" under *Iqbal*, and affirming dismissal of the complaint); *BWP Media USA Inc. v. Hollywood Fan Sites*, LLC, 69 F.Supp.3d 342, 351 n.3 (S.D.N.Y. 2014) (finding the allegation that "a substantial part of the events or omissions giving rise to the claim occurred in this Judicial

District" to be a conclusory statement, as it is "not supported by factual assertions stating that any particular act alleged in the complaint was sufficiently connected with New York.").

Here, Plaintiff fails to, and cannot, claim that she is a resident of New York. She also fails to and cannot adequately allege that any of the conduct complained of in her NYSHRL or NYCHRL claims had impacted her in New York. She cannot make such a claim as the record indicates that she, as well as the Individual Defendants whose alleged conduct forms the basis for her NYSHRL and NYCHRL claims, are domiciled outside of New York and worked for KPMG from locations outside of New York during the relevant times. (*See* Donnelly Decl. ¶¶3, 4; Edgerton Decl. ¶¶3, 4; Molitor Decl. ¶¶3, 4; Wyatt Decl. ¶¶3, 4; Sumrow Dec. ¶¶3, 4; Garcia Decl. ¶¶3, 4; Phelps Decl. ¶¶3, 4 ). Even if Plaintiff communicated with the Individual Defendants by phone "through her base office in New York City," Plaintiff fails to and cannot allege that the conduct complained of under the NYSHRL or NYCHRL had impacted her in New York as she was never in the state during the times relevant to her NYSHRL and NYCHRL claims. (Am. Compl. ¶33); *Shiber v. Centerview Partners LLC*, 2022 WL 1173433, at *3 ("Courts have repeatedly held that a non-resident plaintiff's occasional meetings in or travel to the city are tangential and do not satisfy the impact requirement.") (citations omitted).

Accordingly, Plaintiff has failed to sufficiently state a claim under the NYSHRL and the NYCHRL and such claims should be dismissed with prejudice for failure to state a claim upon which relief can be granted. *Accord Rice v. Wartsila NSD Power Dev., Inc.*, 183 F. App'x 147, 148 (2d Cir. 2006) (affirming district court's pre-answer dismissal of plaintiff's NYSHRL claims because the plaintiff failed to claim that he was a resident of New York or discriminated against in New York.); *Casper v. Lew Lieberbaum & Co., Inc.*, No. 92 Civ. 6411 (RPP), 1998 WL 150993 (S.D.N.Y. Mar. 31, 1998) (dismissing NYCHRL claim because, even if the

discriminatory comments were broadcasted via interoffice microphone system to New York City, the comments impacted plaintiffs at their place of employment, Garden City); *Wolf v. Imus*, 170 A.D.3d 563, 564 (First Dept. 2019) (affirming dismissal of NYCHRL and NYSHRL claims "because the impact on plaintiff from the termination of his employment occurred in Florida, where he lived and worked); *Beckett v. Prudential Ins. Co. of Am.*, 893 F. Supp. 234, 238 (S.D.N.Y. 1995) (holding that "[t]he NYHRL does not provide a non-resident with a private cause of action for discriminatory conduct committed outside of New York by a New York corporation.") (*citing Iwankow v. Mobil Corp.*, 150 A.D.2d 272, 274 (N.Y. App. Div. 1989) (concluding that pursuant to New York's Human Rights Law, as amended by Executive Law § 298-a, "absent an allegation that a discriminatory act was committed in New York or that a New York State resident was discriminated against, New York's courts have no subject matter jurisdiction over the alleged wrong.")). The New York courts have expressly rejected arguments that these clear rules have changed in any way by remote working arrangements resulting from the Covid-19 pandemic. *Pakniat v. Moor*, 192 A.D.3d 596, 597 (First Dept. 2021).

## POINT III

## ALTERNATIVELY, DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS.

Alternatively, if the Court relies on the Declarations and related documents Defendants file in support of this motion, the Court can dismiss the state and city claims on summary judgment, pursuant to *Fed.R.Civ.P.* 12(d). There are no genuine issues of material fact on the critical issue that the alleged misconduct did not occur in New York. Consequently, Defendants are entitled to judgment as a matter of law as to Plaintiff's NYSHRL and NYCHRL claims.

### A. The Summary Judgment Standard.

Summary judgment is appropriate where there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *See Fed.R.Civ.P*. 56. The moving party "bears the initial responsibility of informing the district court of the basis for its motion" by identifying the pleadings, affidavits, and other materials, if any, that demonstrate the absence of a genuine issue of material fact, after which the burden shifts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Only "disputes over facts that might affect the outcome" are relevant and "will preclude the entry of summary judgment." *Id.* at 248. "While the nonmoving party can defeat summary judgment by presenting evidence sufficient to create a genuine issue of material fact, 'mere speculation and conjecture [are] insufficient to preclude the granting of the motion.'" *Stein v. Guardsmark*, LLC, No. 12 CIV. 4739 JPO, 2013 WL 3809463, at *1 (S.D.N.Y. July 23, 2013) (Oetken, J.) (*quoting Harlen Assocs. v. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001)).

**B. Summary Judgment is Appropriate on Plaintiff's NYSHRL and NYCHRL Claims Because the Alleged Conduct Indisputably Occurred Outside of New York.**

Plaintiff has failed to adequately allege that the conduct which gave rise to her NYSHRL and NYCHRL claims occurred in New York. The record indicates that she cannot do so because she was not in New York City or New York State during the relevant times and thus the impact of the alleged injury occurred while she was outside of New York.

Courts in this Circuit have granted summary judgment to employers who establish that the impact of the alleged discriminatory or retaliatory conduct under the NYSHRL and NYCHRL occurred outside the bounds of New York. *See, e.g.*, *Duffy*, *supra* at *11 (granting summary judgment on NYCHRL claim because while the termination decision was made in

New York City, plaintiff was employed outside of New York City and nothing in the record suggested that the plaintiff was subjected to discriminatory conduct in New York State).

Defendants respectfully request that this Court likewise grant summary judgment on Plaintiff's NYSHRL and NYCHRL claims in Defendants' favor because the record indicates that Plaintiff worked for KPMG outside of New York, is not a citizen of New York, and the alleged misconduct could not have occurred in New York.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court dismiss all claims against the Individual Defendants because the Court lacks personal jurisdiction over them pursuant to *Fed.R.Civ.P.* 12(b)(2). Defendants further request that the Court dismiss the Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action as to all Defendants with prejudice for failure to state a claim upon which relief can be granted pursuant to *Fed.R.Civ.P.* 12(b)(6) or, alternatively, on summary judgment pursuant to *Fed.R.Civ.P.* 56.

Dated: Morristown, New Jersey
December 20, 2022

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

By: */s/ Justine L. Abrams*
Justine L. Abrams, Esq.

Attorneys for All Defendants