UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CORETTA RODDEY,

                        Plaintiff,                  **ORDER**

        -against-                 **22-CV-7405 (VSB) (JW)**

KPMG LLP,

                        Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letter at Dkt. No. 75. The Court addresses each of Ms. Roddey's requests below.

A.  **Extension request to secure counsel**

First, Ms. Roddey requests an additional 30 days, if necessary, to secure counsel for the instant action. Given the Court just granted Plaintiff 30 days to retain new counsel six days ago on March 4, 2026, the Court **DENIES** this request as premature. In the event Ms. Roddey needs additional time beyond the 30-day period closer to the deadline, Ms. Roddey may file a letter and make such a request with the Court.

B.  **Attorney-client privileged email at Dkt. No. 70**

Ms. Roddey also requests protective relief regarding email communications she filed with the Court on January 30, 2026. Dkt. No. 70. In opposition to her former counsel's motion to withdraw, Plaintiff attached, as an exhibit, email communications between herself and her former counsel. See id. On March 4, 2026, Plaintiff attended an in-person conference regarding her former counsel's motion to withdraw. The

email communications were discussed by the Court both *ex parte* and on the record. That same day, Plaintiff filed a letter, asserting for the first time that she inadvertently filed the emails, and her "intent was to submit only [her] opposition letter" to outgoing counsel's motion to withdraw. Dkt. No. 75. She also noted, without specifying the date, that "shortly after counsel raised concerns, [she] advised counsel that [she] did not authorize such materials to be publicly filed." Id.

"In order to enjoy the protection of the privilege, a communication must be made and kept in confidence." Rekor Systems, Inc. v. Loughlin, No. 19 Civ. 7767 (LJL), 2023 WL 1972587, at *2 (S.D.N.Y. Feb. 10, 2023) (citation omitted). "It is well-established that voluntary disclosure of confidential material to a third party waives any applicable attorney-client privilege." Id. (quoting Schanfield v. Sojitz Corp. of America, 258 F.R.D. 211, 214 (S.D.N.Y. 2009)). "Public, even extrajudicial disclosures, constitute a waiver of the privilege 'for the communications or portions of communications disclosed.'" Id. (citation omitted). When determining whether an attorney-client privileged communication was "a knowing waiver or simply a mistake, immediately recognized and rectified," the Court considers the following factors: "the reasonableness of the precautions to prevent inadvertent disclosure, the time taken to rectify the error, the scope of the discovery and the extent of the disclosure." Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103, 105 (S.D.N.Y. 1985).

Assessing these factors, the Court finds that Plaintiff's disclosure of attorney-client email communications with her former attorney constitutes waiver. While Plaintiff contends in her letter that she inadvertently filed the email communications,

Plaintiff's delay in raising and seeking to remedy the disclosure points towards waiver. Plaintiff admits in her letter that upon filing the email, her counsel "raised concerns" regarding the filing of the email. Dkt. No. 75. Yet Plaintiff did not attempt to rectify the error for over a month. Indeed, during the March 4th in-person conference, where defense counsel was also present, the Court spoke with Plaintiff and outgoing counsel *ex parte* and on the record regarding Plaintiff's emails with her attorney. Not once did Plaintiff represent that the filing was inadvertent. As such, although the Court is sympathetic to the ramifications of filing such attorney-client communications, the Court finds that Plaintiff has waived privilege over those email communications and **DENIES** Plaintiff's request to seal these communications.

### C. <u>Plaintiff's case file</u>

Plaintiff also requests the Court to direct Plaintiff's former counsel to provide her with her complete client file and litigation materials. It is unclear from Plaintiff's letter whether she has requested these files from her outgoing attorney. As such, Plaintiff's request is **DENIED** without prejudice and the Court directs Plaintiff to request these files from her former attorney. If outgoing counsel declines to provide these files to Plaintiff, she can raise such a request with the Court.

**D. Settlement conference request**

Plaintiff asserts that she is amenable to a settlement conference before this Court.

The Court will issue a separate order regarding scheduling a settlement conference.

    SO ORDERED.

DATED:    New York, New York
            March 10, 2026

                                *Jennifer E. Willis*

                                JENNIFER E. WILLIS
                                United States Magistrate Judge