UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CORETTA RODDEY,

                       Plaintiff,

           -against-

KPMG LLP,

                    Defendant.
-----------------------------------------------------------------X

**ORDER**

**22-CV-7405 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On March 17, 2026, Plaintiff filed an application to request pro bono counsel.

Dkt. No. 81.  For the following reasons, Plaintiff's application is **DENIED**.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an

attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).

In civil cases, there is no requirement that courts supply indigent litigants with

counsel.  Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts

have "broad discretion" when deciding whether to grant an indigent litigant's request

for representation.  Id.  Even if a court does believe that a litigant should have a

lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint"

counsel, but instead, may only "request" that an attorney volunteer to represent a

litigant.  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310

(1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts

must therefore grant applications for counsel sparingly, and with reference to public

benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for

those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989).

In Hodge, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, see Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

## DISCUSSION

Here, Plaintiff has not demonstrated she is indigent. In her application, Plaintiff asserts that she is experiencing financial hardship and does not have the ability to pay the costs associated with litigating the instant case at this time. Dkt. No. 88. Plaintiff notes that while she lives with her husband who is employed, she currently is unemployed and has minimal individual income. Id. While the Court is

sympathetic to Plaintiff's situation, the record does not show that Plaintiff is indigent. For instance, Plaintiff's financial affidavit asserts that her husband's income is squarely above the poverty line and that she owns a home.

Further, Plaintiff retained private counsel for this case from its inception until March 4, 2026—when the Court granted Plaintiff's former counsel's request to withdraw as counsel. See Dkt. No. 74. Indeed, during the motion to withdraw conference and in several filings since then, Plaintiff asserted that she has contacted several law firms to take her case to replace her former counsel. See e.g., Dkt. No. 88 at 5 (Plaintiff summarizing the law firms she contacted to represent her in the instant action). As was the case with her previous counsel, plaintiffs can generally retain counsel on a contingency basis, which therefore does not require assets upfront to obtain counsel.

As such, the Court does not find that Plaintiff is indigent and therefore need not assess the remaining factors enumerated above.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the Court to request pro bono counsel is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. No. 81.**

SO ORDERED.

DATED:   New York, New York
         April 27, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

3