UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CORETTA RODDEY,

                    Plaintiff,

          -against-

KPMG LLP,

                    Defendant.
-------------------------------------------------------------------X

**ORDER**

**22-CV-7405 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of briefing regarding Plaintiff's request for leave to serve 12 additional interrogatories and 8 additional requests for production ("RFP"). See Dkt. Nos. 105–107. The Court addresses each in turn.

*Interrogatories.* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, a party may serve no more than 25 written interrogatories unless stipulated or ordered by the Court. "Courts have held that generally a party must set forth a particularized showing in order to exceed the [25 interrogatory] limit." Douglas v. Harry N. Abrams, Inc., No. 13 Civ. 2613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016).

So far, Plaintiff has served 20 interrogatories onto Defendants. See Dkt. No. 106. But Plaintiff, proceeding *pro se*, now contends an additional 12 interrogatories— 8 over the 25-interrogatory limit—are necessary because "[d]uring Plaintiff's review and reconciliation of the discovery record, Plaintiff identified several discrete areas that appear not to have been fully addressed during the original discovery period" by her previous counsel. Dkt. No. 105. The Court finds that Plaintiff's conclusory

explanation fails to meet the "particularized showing" to warrant granting 8 additional interrogatories above the 25-interrogatroy limit.  As such, the Court **DENIES** Plaintiff's request for supplemental interrogatories.  Plaintiff may only serve five additionally interrogatories to Defendants pursuant to Rule 33.

*Request for production.*  Plaintiff also requests leave to serve 8 additional RFPs.  Because Defendants agreed to respond to Plaintiff's RFPs in their letter response (see Dkt. No. 106) by the end of the July 31 discovery deadline, this request is **DENIED** as moot.  In the event there are outstanding disputes with these RFPs once Defendants respond, Plaintiff may raise a letter motion to compel once the parties have met and conferred and are at an impasse.  Plaintiff is encouraged to review this Court's individual rules regarding discovery motions.  See Individual Practices in Civil Cases § II.A.

**The Clerk of Court is respectfully requested to close Dkt. No. 105.**

SO ORDERED.

DATED:    New York, New York
          July 1, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

2