**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CORETTA RODDEY,**
Plaintiff,

v.

**KPMG LLP, et al.,**
Defendants.

No. 1:22-cv-07405 (VSB)(JW)

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ECF NO. 110 AND REQUEST FOR LIMITED PROCEDURAL RELIEF**

## NOTICE OF MOTION

Plaintiff Coretta Roddey, proceeding pro se, respectfully moves pursuant to Local Civil Rule 6.3 for reconsideration of ECF No. 110, entered August 31, 2026, which granted Defendant KPMG LLP's ECF No. 109 request for leave to file seven declarations in support of summary judgment. Plaintiff asks the Court to consider Plaintiff's opposition to ECF No. 109, which was prepared and transmitted to the Court's designated Pro Se filing addresses on August 29, 2026, acknowledged as received, and resubmitted in the flattened format requested by Pro Se Intake on August 31, 2026 at 12:45 p.m. ECF No. 110 was entered at 3:00 p.m. EDT before that opposition appeared on the docket. Later on August 31, KPMG filed its summary-judgment package at ECF Nos. 111-114 and used all seven declarations. Plaintiff respectfully asks the Court to consider the earlier opposition and to grant any limited procedural relief the Court deems appropriate in light of the subsequent filing.

## MEMORANDUM OF LAW

### I. Plaintiff's August 29 Opposition and Submission Record

On August 27, 2026, KPMG filed ECF No. 109 requesting leave under Section 4(D) of Judge Broderick's Individual Rules to submit seven declarations, two more than the ordinary five-affidavit limit. Plaintiff prepared an opposition dated August 29, 2026. The available records show that Plaintiff transmitted the opposition to prose@nysd.uscourts.gov and prose_intake@nysd.uscourts.gov on Saturday, August 29, 2026 at 7:33 p.m. An automated response from

pro_se_filing@nysd.uscourts.gov at 7:33 p.m. stated that Plaintiff's email had been received by the Pro Se Intake Unit. See Exhibit A.

On August 31, 2026, Plaintiff called Pro Se Intake to verify receipt and docketing. Intake personnel advised that the PDF needed to be reformatted as a flattened or PDF/A-compatible file before it could be docketed. Plaintiff promptly resent the corrected opposition at 12:45 p.m. and received another automated acknowledgment at 12:45 p.m. That acknowledgment explains that qualifying pro se submissions may take up to two business days after receipt to appear on ECF. See Exhibit B.

At 3:00 p.m. EDT on August 31, while Plaintiff's opposition had not yet appeared on ECF, the Court entered ECF No. 110: 'ORDER granting [109] Letter Motion for Leave to File Document. APPLICATION GRANTED. SO ORDERED.' The present motion concerns that pre-existing opposition and the timing of its docketing.

**II. Standard Governing Reconsideration**

Local Civil Rule 6.3 permits a party to request reconsideration within fourteen days after entry of an order by submitting a concise memorandum identifying matters or controlling decisions that warrant the Court's further consideration. Reconsideration is a limited remedy. The Second Circuit has explained that the inquiry focuses on controlling decisions or material facts identified by the moving party that could reasonably be expected to affect the result. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff respectfully invokes that limited procedure because Plaintiff's August 29 opposition and subsequent corrected submission were not yet available on ECF when ECF No. 110 was entered. Intake's acknowledgment advised that qualifying pro se submissions may take up to two business days to appear on ECF, and Intake requested a corrected, flattened or PDF/A-compatible file. Plaintiff promptly supplied the corrected file after receiving that instruction. Plaintiff therefore asks the Court to consider the earlier opposition and accompanying transmission records together with

KPMG's subsequent filing and determine whether any clarification or limited procedural relief is appropriate.

**III. Subsequent Summary-Judgment Filing and Related Procedural Matters**

Later on August 31, KPMG filed ECF No. 111, its notice of motion; ECF No. 112, a 35-page memorandum; ECF No. 113, an appendix containing 43 exhibits totaling 244 pages; and ECF No. 114, a 73-paragraph Rule 56.1 statement. The supporting papers include seven declarations from Justine L. Abrams, Timothy Phelps, Sabrina Donnelly, Christina Tran, Jay Nayak, David Nides, and Nichole Wechter. Because those papers are now on the docket, Plaintiff no longer seeks prospective deferral of their filing. The remaining request is limited to consideration of the earlier opposition and the procedural questions presented by the seven-declaration record.

The declarations address subjects that also appear in the targeted discovery matters identified in Plaintiff's August 29 opposition, including staffing and assignments, the Goldman Sachs Project Carbon opportunity, comparator assignments, recruiting and compensation, time records, the termination decision, the January 27, 2022 Meta/Facebook discussion, and Microsoft Teams and email records. Plaintiff respectfully identifies that overlap so the earlier opposition may be considered with the subsequent record.

Plaintiff understands ECF No. 110 as granting KPMG leave to file seven declarations. Plaintiff does not ask the Court in this motion to decide any issue concerning disclosure, personal knowledge, admissibility, or discovery. Plaintiff expressly preserves the right to raise any properly supported objection under Rules 26, 37, or 56 at the appropriate time.

KPMG's papers require Plaintiff to respond to 73 numbered factual assertions with record citations, address seven declarations, review 43 exhibits, and prepare a memorandum of law. Based on the materials available to Plaintiff as of September 1, 2026, Plaintiff has not located a separate Local Civil Rule 56.2 notice containing the required texts of Federal Rule 56 and Local Civil Rule

56.1. Plaintiff respectfully requests confirmation of whether that notice has been served and filed and clarification of the opposition deadline.

**IV. Summary-Judgment Schedule**

Plaintiff respectfully requests reasonable time to address KPMG's summary-judgment papers after the Court addresses any targeted discovery matters it determines remain pending and confirms the applicable schedule. That time would permit Plaintiff to prepare the required Rule 56.1 counterstatement, evidentiary submissions, any showing authorized by Rule 56(d), and a memorandum of law.

Plaintiff does not seek adjudication of KPMG's summary-judgment motion through this reconsideration motion. Plaintiff respectfully requests that the summary-judgment motion not be treated as fully submitted or decided until the status of the Local Civil Rule 56.2 notice is confirmed, the Court addresses any targeted discovery matters it determines remain pending, and Plaintiff has a reasonable opportunity to file a complete response, including a Rule 56.1 counterstatement, supporting evidence, any appropriate Rule 56(d) submission, and a memorandum of law.

Nothing in this motion is intended to waive Plaintiff's right to oppose summary judgment or to raise properly supported factual, evidentiary, procedural, or legal objections to KPMG's motion, declarations, exhibits, or Rule 56.1 statement.

**V. Limited Procedural Relief Requested**

For the foregoing reasons, Plaintiff respectfully requests that the Court consider Plaintiff's August 29, 2026 opposition and the accompanying submission records. In light of ECF Nos. 111-114, Plaintiff respectfully requests the following limited procedural relief:

1. consider Plaintiff's August 29 opposition and Exhibits A and B, which document transmission before ECF No. 110 was entered;
2. reconsider or clarify ECF No. 110 to the extent the Court deems appropriate in light of the earlier opposition and KPMG's subsequent filing;

3. permit Plaintiff to raise, at the appropriate time, any properly supported objection or request under Rules 26, 37, or 56, including Rules 56(c)(2), 56(c)(4), and 56(d);

4. permit Plaintiff, upon an appropriate showing of need, to submit up to seven declarations or an otherwise comparable evidentiary response; and

5. confirm the status of the Local Civil Rule 56.2 notice, set or clarify Plaintiff's opposition deadline after consideration of the targeted discovery matters, and provide that KPMG's summary-judgment motion will not be deemed fully submitted before Plaintiff files a complete response or the Court-ordered response period expires.

Plaintiff respectfully leaves the form of any relief to the Court and requests a fair opportunity to address the filed record under the schedule and procedures the Court determines are appropriate.

## VI. Submission Records

Exhibit A contains the August 29, 2026 sent-email record and automated Pro Se Filing acknowledgment. Exhibit B contains the August 31, 2026 reformatted resubmission record and automated Pro Se Intake acknowledgment. These exhibits document transmission and receipt. Consistent with Local Civil Rule 6.3, Plaintiff submits no affidavit in support of this motion.

AI Disclosure/Certification: Plaintiff used generative AI as an assistive drafting and editing tool, independently reviewed this filing, and certifies compliance with Fed. R. Civ. P. 11.

Dated: September 1, 2026

Respectfully submitted,

/s/ Coretta Roddey
Coretta Roddey, Plaintiff Pro Se
Johns Creek, Georgia 30022
404-245-6884
Coretta1234@gmail.com

Certificate of Compliance: Pursuant to Local Civil Rules 6.3 and 7.1(c), Plaintiff certifies that the foregoing memorandum contains 1,303 words, excluding the portions excluded by those Rules, and complies with the applicable 3,500-word limit.

# EXHIBITS A-B

## Records Regarding Submission of Plaintiff's Opposition

**Exhibit Index**

| | | |
|---|---|---|
| **Exhibit A** | August 29, 2026 Opposition Submission and Receipt Confirmation | pp. 2-4 |
| **Exhibit B** | August 31, 2026 Opposition Resubmission and Receipt Confirmation | pp. 5-8 |

Plaintiff may file up to seven declarations in her response to Defendant's motion for summary judgment. Plaintiff may also subsequently move to strike any declaration submitted by Defendant in connection with its motion that she believes is improperly submitted or inadmissible. Defendant may oppose. The Clerk of Court is respectfully directed to close the open motion at Doc. 117.

**SO ORDERED:** 9/9/2026

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## August 29, 2026 Opposition Submission and Receipt Confirmation

Records showing Plaintiff's initial email submission of the opposition and the automated Pro Se Filing acknowledgment of receipt

me Aug 29
to prose, prose_intake

From D B coretta1234@gmail.com

To prose@nysd.uscourts.gov
prose_intake@nysd.uscourts.gov

Date Aug 29, 2026 at 7:33 PM

Dear Pro Se Intake Unit,

Please accept the attached **Plaintiff's Opposition to Defendant's August 27, 2026 Request for Leave to File Additional Declarations (ECF No. 109)** for filing and docketing in **Roddey v. KPMG LLP, No. 1:22-cv-07405 (VSB)(JW)**.

The attached PDF has been flattened for filing.

For clarity, this submission is separate from Plaintiff's **August 28, 2026 Letter Motion to Compel Discovery, with Exhibits A and B**, which was previously submitted to the Pro Se Intake Unit for docketing.

Please confirm receipt when practicable. I also plan to follow up with the Pro Se Intake Unit on Monday to confirm receipt and docketing status of both submissions.

Thank you for your assistance

Reply Forward

Pro Se Filing Aug 29
to me

From Pro Se Filing
pro_se_filing@nysd.uscourts.gov

To D B coretta1234@gmail.com

Date Aug 29, 2026 at 7:33 PM

Standard encryption (TLS)
Learn more

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be

Reply Forward

# EXHIBIT B

## August 31, 2026 Opposition Resubmission and Receipt Confirmation

Records showing the reformatted opposition resubmission
and the automated Pro Se Intake acknowledgment of receipt

Gmail

D B <coretta1234@gmail.com>

**Vs 2: Urgent: RESENDING flattened PDF FILE for Opposition letter...Fwd: Subject: Roddey v. KPMG LLP, No. 1:22-cv-07405 (VSB)(JW) – Plaintiff's Opposition to ECF No. 109 for Docketing**

**D B** <coretta1234@gmail.com> Mon, Aug 31 at 12:45 PM
To: <prose@nysd.uscourts.gov>

[Quoted text hidden]
Roddey_Opposition_ECF109_Aug29_2026_Flattened.pdf

Gmail D B <coretta1234@gmail.com>

## IMPORTANT INFORMATION, PLEASE REVIEW

**Pro Se Filing** <pro_se_filing@nysd.uscourts.gov> Mon, Aug 31, 2026 at 12:45 PM
To: D B <coretta1234@gmail.com>

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

· Documents must be attached to the email in PDF format, no larger than 15 megabytes;

· The complaint must be signed by the filing party;

- Fee requirements and instructions:
- **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**

· Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007**.

· Your payment must include the docket number, which you can learn by calling (212) 805-0175.

· If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.

· If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

· Documents must be attached to the email in PDF format, no larger than 10 megabytes;

· The email and attached document must contain the docket number, filer's name, address, and telephone number;

· Documents must be signed by the filing party;

· Any additional comments, questions, or other messages in the email will be disregarded;

· Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- Complete filing instructions
- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**