**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

CORETTA RODDEY,

Plaintiff,

-against-

KPMG LLP,

Defendant.A

------------------------------------------------------------X

**ORDER**

**22-CV-7405 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of briefing regarding Plaintiff's August 31 motion to compel. Dkt. Nos. 115, 118.

Plaintiff acknowledges in her letter motion that fact discovery has been closed since July 31. However, she fails to articulate why discovery should be reopened and instead, requests that the Court compel Defendant to supplement certain allegedly deficient interrogatory responses and productions.

Rule 16 permits the reopening of discovery "only for good cause and with the judge's consent." Jeannite v. City of N.Y. Dep't of Bldgs., No. 09 Civ. 3464 (DAB) (KNF), 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010) (citing Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991)); see also Bakalar v. Vavra, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011). "As the moving party, Plaintiff bears the burden to establish good cause." Edwards v. Trotter, No. 24 Civ. 2125 (NSR) (JCM), 2026 WL 1283568, at *2 (S.D.N.Y. May 11, 2026). In determining whether good cause exists, courts consider:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

Bakalar, 851 F. Supp. at 493. A key consideration is "whether there has already been adequate opportunity for discovery." Id.

Plaintiff wholly fails in meeting her burden in establishing good cause to reopen discovery. Instead, Plaintiff completely glosses over her untimeliness and addresses only the substance of her motion to compel. This will not suffice. For one, the Court gave the parties adequate time for discovery, including an extension to the discovery deadline once Plaintiff no longer had counsel and proceeded *pro se*. See Dkt. No. 102. Second, the underlying discovery Plaintiff seeks to compel is not new, and she had ample opportunity to seek the requested relief before the close of the fact discovery period. Lastly, reopening discovery would be prejudicial to Defendant, particularly because Defendant filed a motion for summary judgment right before Plaintiff filed the instant motion to compel. The Second Circuit has observed that "when alerted to a forthcoming motion for summary judgment, a party wanting more time for discovery should seek, through negotiation with the other party and, if necessary, through application to the district court, an appropriate discovery schedule. A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need." Burlington Coat Factory

Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927-28 (2d Cir. 1985). As such, given Plaintiff's knowledge of Defendant's now-filed motion for summary judgment and her failure to establish "a strong showing of need," reopening discovery is unwarranted here. For those reasons, Plaintiff's motion to compel is **DENIED** and discovery remains closed.

**The Clerk of Court is respectfully requested to close Dkt. No. 115.**

SO ORDERED.

DATED: New York, New York
September 10, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge